IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JUNIOR NEPOMUCENO-HIERRO,**         CASE NO. 4:25 CV 948

    Petitioner,

    v.                                          JUDGE JAMES R. KNEPP II

**WARDEN HEALY,**

    Respondent.                      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Petitioner Junior Nepomuceno-Hierro, a federal prisoner incarcerated at Federal Correctional Institution – Elkton, brings a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges the result of a disciplinary proceeding finding him guilty of possessing contraband and sanctioning him with a 180-day loss of commissary and phone privileges. *Id.* at ¶ 6. He does not allege or assert any specific constitutional claim, but contends another inmate took responsibility for the contraband and Petitioner himself does not know how it came to be in his possession. *Id.* at ¶ 13. He asks the Court to expunge his incident report and remove the sanction from his record. *Id.* at ¶ 15.

### STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed.

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

The Petition on its face does not allege or suggest a claim cognizable on habeas review. A prisoner's constitutional liberty interests are implicated only by disciplinary decisions that result "in an atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or that "lead to the loss of good time credit." *Luna v. Pico*, 356 F.3d 481, 487 & n.3 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Petitioner does not allege or demonstrate such a disciplinary decision. Rather, the disciplinary sanctions he indicates were imposed on him – temporary loss of phone and commissary privileges – do not trigger constitutional due process protections. *See, e.g., Koenck v. Bolar*, 2023 WL 4461090, at *2 (N.D. Ohio) (dismissing § 2241 petition and stating that "[t]here is no liberty or property interest in television or commissary privileges"); *Redmond v. Holland*, 2015 WL 4167809, at *5 (E.D. Ky.) ("Because none of the identified sanctions imposed on [Petitioner] caused him to serve a longer federal sentence or suffer an atypical hardship in relation to ordinary prison life, he has not set forth grounds entitling him to relief from his disciplinary conviction.").

Further, even had Petitioner asserted a claim cognizable on habeas corpus review, before filing a 28 U.S.C. § 2241 petition for habeas corpus relief in federal court, a federal prisoner must first exhaust his available remedies with the Bureau of Prisons. *Wade v. Perez*, 14 F. App'x 330, 331 (6th Cir. 2001). The Petition makes clear Petitioner has not pursued (much less exhausted) administrative remedies with the BOP.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition (Doc. 1) be, and the same hereby is, DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2025